UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0269-JRS-DML |
| | ) | |
| SHAWN WILLIAMS, | ) | - 03 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On September 27, 2021, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on September 17, 2021. Defendant Williams appeared in person with his appointed counsel, Joseph Cleary. The government appeared by MaryAnn Mindrum, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Angela Smith.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Williams of his rights and provided him with a copy of the petition. Defendant Williams orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Williams admitted violation numbers 1, 2, 3, and 5. [Docket No. 287.] Government orally moved to withdraw the remaining violation, which motion was granted by the Court.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance."** |
| | On April 26, 2021, and August 17, 2021, the offender submitted a urinalysis' that returned positive for cannabinoids and diluted. He also submitted a positive urinalysis for cannabinoids on August 25, and September 16, 2021. |
| 2 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with a substance abuse treatment. You shall not attempt to obstruct or tamper with the testing method."** |
| | On April 22, 2021, an unobserved urinalysis was collected from Mr. Williams during a home visit; however, the specimen submitted was cold to the touch, unlike normal specimens that are warm at the time of collection. The offender was directed to report the office on the same date to provide an observed specimen. He reported to the office several hours later and submitted a diluted specimen. Furthermore, Mr. Williams submitted a diluted urinalysis on September 30, 2019. |
| 3 | **"You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational, training, or other reasons that prevent lawful employment."** |
| | Mr. Williams has been unemployed since March 30, 2020, despite efforts to assist him in obtaining employment. |
| 5 | **"If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."** |
| | Mr. Williams has made very minimal payments toward his outstanding restitution balance of $933,953.88. His payments have been in the range of $10-$100 and he has only paid a total of $790 toward his restitution balance during his time on supervised release (almost 3 years). In reviewing evidence collected during a search on September 16, 2021, it appears Mr. Williams has been making large purchases for houses, expensive clothing items, restaurants, and more unessential items, instead of using income to pay toward his outstanding restitution balance. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 5 to 11 months' imprisonment.

5. The parties jointly recommended a sentence of eight (8) months with no supervised release to follow. Defendant requested placement at a facility closest to Indianapolis, Indiana. Defendant moved for permission to self-surrender.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of eight (8) months with no supervised release to follow. The Magistrate Judge will recommend placement at a facility closest to Indianapolis, Indiana. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Defendant's request to reconsider the decision at the conclusion of the hearing was denied.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 9/27/2021

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system